1

Harold H. Davis (SBN 235552)
davish@gtlaw.com
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone:    (415) 655-1300
Facsimile:    (415) 707-2010

2

3

4

5

6

Jordan D. Grotzinger (SBN 190166)
grotzingerj@gtlaw.com
**GREENBERG TRAURIG, LLP**
1840 Century Park E., Suite 1900
Los Angeles, CA 90067
Telephone:    (310) 586-7700
Facsimile:    (310) 586-7800

7

8

9

10

Attorneys for Plaintiffs
ACER AMERICA CORPORATION and
ACER INC.

11

12

13

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| ACER AMERICA CORPORATION, a California corporation, and ACER INCORPORATED, a Taiwan corporation, | Case No. _____ |
| Plaintiffs, | **ACER AMERICA CORPORATION'S AND ACER INC.'S COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| INTELLISOFT, LTD., a Delaware Corporation, and BRUCE BIERMAN, an individual, | |
| Defendants. | |

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

Plaintiffs Acer Inc. and Acer America Corporation bring this complaint against Intellisoft, Ltd., and its principal and sole shareholder Bruce Bierman.  Plaintiffs seek a declaration that Bruce Bierman properly was not named as an inventor of any of U.S. Patent Nos. 5,410,713; 5,870,613; 5,884,087; and 5,903,765 (collectively, the "'713 Patent Family").

## BACKGROUND STATEMENT

1.      Plaintiffs bring this declaratory judgment action to protect itself from Defendants' ongoing accusations and efforts to harm Plaintiffs by falsely asserting that Defendant Bruce Bierman is the true, sole and exclusive inventor of the '713 Patent Family.

2.      Defendants have made clear that inventorship of the '713 Patent Family is in question and is a current, live issue due to their refusal to stipulate that Mr. Bierman is not an inventor, and their self-professed admissions that Mr. Bierman and at least one of his retained proposed experts will testify to a state court jury in this district in an ongoing civil action that Mr. Bierman is the true, sole and exclusive inventor of the '713 Patent Family.

3.      This Court, however, has already ruled by summary judgment in an action removing the state court case to this district, that Mr. Bierman, is not in fact, the true, sole and exclusive inventor of the '713 Patent Family based, in part, on Bierman's admission that he did not have sufficient evidence to establish his right to be a named inventor.

4.      Upon appeal, the United States Court of Appeals for the Federal Circuit ("CAFC") reversed this previous decision and ordered the matter to be remanded to state court based on a lack of jurisdiction.  Nevertheless, the CAFC stated that

> if the state court denie[s] [Acer] leave to file the patent counterclaim, Acer would still not have been deprived of its claim because it had "an alternative way to present [its] patent claim[] on the merits in federal court: a separate federal declaratory judgment action.

5.      Acer sought leave to file its patent cross-claims in the state court action, but on Monday, November 30, 2020, the state court denied Acer leave to do so.  In that order, the state court stated, in part, that "the Federal Circuit stated in *Intellisoft* that a separate federal declaratory

---

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

1    judgment action would be a more appropriate way for Acer to pursue a patent counterclaim at this

2    juncture."

3       6.      Per the guidance in the CAFC opinion and the state court, Acer now brings this

4    separate federal declaratory judgment action.

5                    **THE PARTIES, JURISDICTION, AND VENUE**

6       7.      Plaintiff Acer Inc. is a Taiwan corporation with its principal place of business in

7    Taipei, Republic of China.

8       8.      Plaintiff Acer America Corporation is a California corporation with its principal place

9    of business in San Jose, CA.

10      9.      Acer America Corporation and Acer Inc. may be referred to collectively as

11   "Plaintiffs" or "Acer."

12      10.     Defendant Intellisoft, Ltd. ("Intellisoft") is a Delaware corporation with its principal

13   place of business in Novato, CA.

14      11.     Defendant Bruce Bierman is an individual and resident of Las Vegas, Nevada.  Mr.

15   Bierman is the sole shareholder and principal of Intellisoft.

16      12.     As explained herein, Intellisoft and Bierman are currently litigating a case in state

17   court in this district against Plaintiffs.  Mr. Bierman has traveled and intends to travel to this district

18   in order to pursue Intellisoft's state case against Plaintiffs. Until relatively recently, Mr. Bierman

19   long resided in California and in this district.

20      13.     This Court has subject matter jurisdiction over Acer's request for a declaratory

21   judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United

22   States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court under

23   28 U.S.C. §§ 1331 and 1338(a).

24      14.     Defendants are subject to general and specific personal jurisdiction in this judicial

25   district.  Intellisoft is subject to personal jurisdiction because its purported principal office is in

26   California and it conducts business is in this district.  Defendants are further subject to personal

27   jurisdiction here based upon their purposeful, systematic, and continuous contacts with California,

28

**COMPLAINT FOR DECLARATORY RELIEF**
*ACTIVE 54007546v3*

1  including conducting business in California, maintaining an address here, and maintaining a

2  registered agent in California. Defendants further are subject to personal jurisdiction by purposely

3  availing themselves of the benefits of this district by filing and maintaining a legal action against

4  Plaintiffs in the Superior Court of California for the County of Santa Clara.

5          15.      Acer seeks a determination of whether Mr. Bierman should have been named as an

6  inventor of the '713 Patent Family.  This is a substantial, immediate controversy between Acer, Mr.

7  Bierman, and Intellisoft, as a result of Intellisoft's decision to challenge the inventorship of the '713

8  Patent Family in state court under the guise of a purported trade secret misappropriation claim,

9  without seeking or obtaining an inventorship correction pursuant to 35 U.S.C. § 256.

10          16.      Specifically, Intellisoft has taken the position in the state court proceeding, and

11  intends to argue to a Santa Clara County Superior Court jury, that Mr. Bierman, its sole shareholder

12  and principal, conceived of and invented the subject matter disclosed and claimed in the '713 Patent

13  Family –such disclosed and claimed subject matter is collectively referred to in this Complaint as

14  "the '713 Patent Family" – and should have been named as sole and exclusive inventor thereof.

15  Intellisoft and Mr. Bierman seek to then use that determination as a basis to collect potentially

16  millions of dollars in damages against Acer.  Acer disputes Intellisoft's contention that Mr. Bierman

17  is an inventor of the subject matter of the '713 Patent Family.  Acer seeks a declaration from a

18  federal court—the proper venue for such a determination—that Mr. Bierman properly was not

19  named as an inventor of any of the '713 Patent Family and that Mr. Bierman is not entitled to an

20  inventorship correction under 35 U.S.C. § 256.

21          17.      An actual controversy exists under 28 U.S.C. § 2201 because both Intellisoft and Mr.

22  Bierman, on the one hand, and Acer, on the other hand, have concrete and substantial financial and

23  reputational interests at stake in a judicial determination of the proper inventorship of the '713 Patent

24  Family.

25          18.      As detailed below, Intellisoft claims that it is entitled to compensation in the form of

26  royalties from Acer for the sale of every Acer computer that practices one or more claims of the '713

27  Patent Family, which Intellisoft has identified as those Acer computers that practice the Advanced

28

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

1   Configuration and Power Interface ("ACPI") standard.  In effect, Intellisoft claims that since Mr.

2   Bierman is the sole and exclusive inventor of the subject matter of the '713 Patent Family, it is

3   entitled to royalties exceeding $150 million in total for Acer computers that practice (i.e., "infringe")

4   claims of the patents.  Intellisoft and Mr. Bierman thus both have concrete and significant financial

5   interests in a judicial determination that Mr. Bierman is an inventor of the subject matter claimed in

6   the '713 Patent Family, and was improperly omitted as a named inventor, because it is the basis on

7   which they seek in excess of $150 million in damages from Acer.  Likewise, Acer has a concrete and

8   significant financial interest in a judicial determination that Mr. Bierman is *not* an inventor of the

9   subject matter claimed in the '713 Patent Family, and was *properly* not named as an inventor,

10   because such a determination would contradict if not entirely disprove the factual basis upon which

11   Mr. Bierman seeks substantial damages from Acer.

12         19.     Intellisoft and Mr. Bierman also have concrete reputational interests in a judicial

13   determination that Mr. Bierman is an inventor of the subject matter claimed in the '713 Patent

14   Family.  Intellisoft claims that any computer that complies with the ACPI standard, which is

15   implemented widely in the personal computer industry, necessarily practices (i.e., "infringes") one or

16   more claims of the '713 Patent Family.  Indeed, Intellisoft's expert claimed in two separate written

17   reports that he "cannot see any way to implement ACPI without doing so."  Given how widely

18   implemented the ACPI standard is, and given Intellisoft's claim that any computer that complies

19   with the ACPI standard necessarily practices claims of the '713 Patent Family, Bierman's reputation

20   in the personal computer industry would be enhanced significantly if it is judicially determined that

21   he, in fact, is the true and correct inventor of the subject matter disclosed and claimed in the '713

22   Patent Family.  In addition, Acer is informed and believes, and on that basis alleges, that Mr.

23   Bierman's employment and consulting interests would be enhanced significantly if it is judicially

24   determined that he, in fact, is the true and correct inventor of the subject matter disclosed and

25   claimed in the '713 Patent Family.  Mr. Bierman and Intellisoft have suffered a series of judicial

26   defeats related to his claims that he is responsible for inventing the concepts in the '713 Patent

27   Family.  A judicial ruling to the contrary would change Bierman's reputation and Intellisoft's

28

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

1   valuation and accrue to their respective financial benefits through increased employment and

2   consulting opportunities for Mr. Bierman and higher valuation for Intellisoft.  Consultants and

3   technical employees are evaluated based on the number of patents on which they are named

4   inventors and also based on their reputation for correctly, or falsely, claiming credit for technical

5   innovations in their field, especially when they have difficult personalities.  A judicial ruling in favor

6   of Mr. Bierman would therefore directly impact his financial interests and, by extension, those of

7   Intellisoft.

8          20.     Acer, for its part, likewise has a concrete reputational interest in a judicial

9   determination that Mr. Bierman is *not* an inventor of the subject matter claimed in the '713 Patent

10  Family, and was *properly* not named as an inventor.  Acer has a reputational interest in preserving

11  the integrity of its patents against baseless claims, like Intellisoft's, that the named inventors are not

12  the true and correct inventors of the subject matter disclosed and claimed.  Acer also has a specific

13  reputational interest in a judicial determination that Mr. Bierman is not an inventor of the subject

14  matter claimed in the '713 Patent Family, because the named inventors on the '713 Patent Family

15  are and/or were employees of Acer, and allowing others to impugn the integrity of the '713 Patent

16  Family, as Intellisoft has, could expose Acer to future charges that, because the initial inventors were

17  improperly named, Acer and/or its employees committed fraud upon on the U.S. Patent &

18  Trademark Office.  Indeed, named inventors on U.S. patent applications are required to certify under

19  oath that they believe themselves to be the true and original inventor(s) of the claimed invention; as

20  such, Intellisoft's claim that Mr. Bierman is in fact the true (and sole) inventor of the '713 Patent

21  Family is tantamount to claiming that Acer's employees committed perjury when submitting

22  inventor oaths and declarations in support of the corresponding patent applications.

23         21.     Acer has a further reputational interest in preserving the integrity of inventorship of

24  its patents because Acer continues to engage in patent licensing and cross-licensing, and Intellisoft's

25  claim that Mr. Bierman is the inventor of the subject matter of the '713 Patent Family (even if

26  unfounded) harms Acer's negotiating position in licensing negotiations with potential licensees, by

27  raising doubts about the accuracy of Acer's inventorship determinations and designations, which in

28

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

turn causes Acer economic harm that is difficult to quantify.  Indeed, Acer will have to negotiate patent license agreements with its current cross-licensees such as HP and Samsung.  Acer is informed and believes, and on that basis alleges, that these negotiations will be harmed to Acer's detriment due to Intellisoft and Mr. Bierman's ongoing and continuous claims that Mr. Bierman is the true, sole and exclusive inventor of the '713 Patent Family because, among other things, those claims cloud the value of Acer's other patent portfolios and will lead both HP and Samsung to demand higher licensing fees in the future.  A judicial determination of inventorship over the '713 Patent Family is warranted to vindicate Acer's concrete and substantial reputational interests.

22.     Intellisoft was offered numerous opportunities before this Court to stipulate that the named inventors on the '713 Patent Family are the correct and only inventors and that the '713 Patent Family were correctly recorded as to inventorship.  Intellisoft repeatedly refused, underscoring the existence of a live, actual, substantial, concrete, and justiciable controversy over who conceived of and invented the '713 Patent Family.  Unless and until Mr. Bierman and Intellisoft irrevocably stipulate, consent, agree, and admit that Mr. Bierman did not invent any subject matter disclosed or claimed in the '713 Patent Family, was properly not named as an inventor, and cannot properly take any credit for the inventions of the '713 Patent Family, and that the named inventors on the '713 Patent Family are the true and correct inventors, this dispute will remain an actual, substantial, and immediate controversy between Acer, Mr. Bierman, and Intellisoft.

23.     Pursuant to 28 U.S.C. § 1391, venue is proper in the U.S. District Court for the Northern District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Acer's complaint for declaratory relief occurred in this District, and, alternatively, because Intellisoft is subject to personal jurisdiction in this District.

## FACTS

**Intellisoft Asserts that Under Federal Patent Law Mr. Bierman Should Be the Named Inventor on the '713 Patent Family**

24.     On or about March 2014, Intellisoft and Mr. Bierman filed suit against Acer in California state court (Santa Clara County Superior Court, Case No. 2014-1-CV-272381), alleging that in the early 1990s they had disclosed to Acer trade secrets concerning computer power

**COMPLAINT FOR DECLARATORY RELIEF**
*ACTIVE 54007546v3*

1 management technology under a non-disclosure agreement.  Intellisoft and Mr. Bierman alleged that

2 Acer had breached a non-disclosure agreement by allegedly incorporating Mr. Bierman's alleged

3 trade secrets into patent applications that ultimately issued as the '713 Patent Family.  Defendants

4 also alleged that Acer had incorporated the trade secrets into Acer computer products.  In addition to

5 breach of contract claims, the complaint asserted trade secret misappropriation and other state law

6 claims, each related to the misappropriation claim.  A jury trial in the state court case is currently set

7 to begin August 16, 2021.  Prior to the report and testimony of Intellisoft expert witness Irving

8 Rappaport, discussed below, neither Intellisoft nor Mr. Bierman had made any explicit claims of

9 inventorship under federal patent laws.

10          25.      In fact, Defendants willingly obscured and hid the true nature of their claims.  In

11 response to a motion in limine filed in the state court case to limit discovery of worldwide sales of

12 Acer computers, Defendants vehemently asserted that they were not asserting any patent claims and

13 that none of their state law claims had anything to do with patent related issues.  Relying upon these

14 misrepresentations, the state court permitted Defendants to obtain discovery on Acer's worldwide

15 sales.

16          26.      Defendants further knew this was a misrepresentation as one of their experts had,

17 since 2016, been preparing "claim charts" that tracked Acer's '713 Patent Family with the ACPI

18 standard in an effort to show liability in the state court case.  Further, another of Defendants'

19 retained consultants had been examining inventorship issues for months.

20          27.      Despite Intellisoft's misrepresentations to the state court as to the precise nature of its

21 claims, it became clear on the eve of trial that Intellisoft and Mr. Bierman were alleging that Mr.

22 Bierman should have been named as an "inventor" on the '713 Patent Family, as that term is defined

23 under the federal patent laws.  This is known in patent law as an inventorship claim, and it can only

24 be brought and resolved pursuant to 35 U.S.C. § 256.

25          28.      Intellisoft retained Irving Rappaport, a patent lawyer, to testify at trial about, *inter*

26 *alia*, the patents involved in the case.  In his written expert opinion, which Intellisoft produced

27

28

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

1  shortly before trial, Mr. Rappaport disclosed that he plans to testify at trial that Mr. Bierman should

2  have been named as an inventor on the '713 Patent Family.

3      29.      Acer subsequently deposed Mr. Rappaport.  In an effort to verify that Intellisoft and

4  Mr. Bierman intended to raise an inventorship issue, counsel for Acer questioned Mr. Rappaport on

5  the subject.  Mr. Rappaport testified that it was his opinion as an alleged expert on patent law that

6  Mr. Bierman should have been named as an "inventor" on the '713 Patent Family.  Mr. Rapport

7  expressly acknowledged that he was using the term "inventor" as that term is understood under

8  federal patent law and expressly acknowledged that the issue of inventorship is a matter of exclusive

9  federal jurisdiction.  Mr. Rappaport further testified that he applied federal patent law principles in

10  arriving at his conclusion that Mr. Bierman should have been named an inventor on the '713 Patent

11  Family.  Mr. Rappaport expressly acknowledged that the question of patent inventorship is within

12  the exclusive purview of the federal courts.  Mr. Rappaport confirmed that he plans to testify to these

13  opinions at the trial of the state court action.

14      30.      Given Mr. Rappaport's unequivocal testimony, it is clear there is an actual

15  controversy as to whether Mr. Bierman should have been a named inventor to the '713 Patent

16  Family.

17      31.      Acer contends that Mr. Bierman was not involved in any capacity in inventing the

18  inventions claimed in the '713 Patent Family and correctly was not named as an inventor.

19      32.      In addition to the report of Mr. Rappaport, Intellisoft produced an expert report from

20  Brian Napper outlining Intellisoft's alleged damages.  Through Mr. Napper's report, Intellisoft

21  claims that it is entitled to compensation in the form of royalties from Acer for the sale of every Acer

22  computer that practices one or more claims of the '713 Patent Family, which Intellisoft has identified

23  as those Acer computers that practice the ACPI standard.  Mr. Napper opined that appropriate

24  royalties to Intellisoft would exceed $150 million in total for Acer computers that practice (i.e.,

25  "infringe") claims of the patents.

26  **In addition to Inventorship, Intellisoft Intends to Try Numerous Other Federal Patent Law
27  Issues at Trial**

28      33.      In addition to discovering that Intellisoft intended to use a patent law expert to

8

**COMPLAINT FOR DECLARATORY RELIEF**

ACTIVE 54007546v3

1    advance an inventorship claim under federal patent law in state court, Acer discovered that Intellisoft

2    also intended to present evidence on and try numerous other patent law issues, including

3    patentability, patent validity, claim construction, and patent infringement in the state court trial.

4         34.     Robert Zeidman is Defendants' primary proposed technical expert.  Mr. Zeidman

5    submitted an initial report on September 28, 2017, and a supplemental report on October 10, 2017.

6    He was deposed on October 11, and 13, 2017.

7         35.     One of Mr. Zeidman's opinions is a patent infringement theory based on the '713

8    Patent Family and Acer computers that comply with the Advanced Configuration and Power

9    Interface ("ACPI").[1]  He opines that all Acer computers that comply with ACPI "infringe" the '713

10   Patent Family, which Intellisoft contends incorporate its trade secrets, thereby entitling Intellisoft to

11   a reasonable royalty on all of Acer's ACPI-compliant computers.  This is a textbook patent

12   infringement theory.

13        36.     In support of this patent infringement theory, Mr. Zeidman engaged in claim

14   construction to interpret the meaning and scope of the '713 Patent Family by comparing the claim

15   language of the patents with various power management standards, including ACPI.

16        37.     Mr. Zeidman also submitted approximately 28 infringement claim charts with his

17   expert reports.  Specifically, Mr. Zeidman submitted claim charts showing that, in his opinion, the

18   '713 Patent Family "read" on various power management standards, including ACPI.

19        38.     Intellisoft also intends to inject claim construction issues into its assessment on the

20   value of the '713 Patent Family.  Mr. Rappaport relies on an old Acer claim construction brief -- ***not***

21   a claim construction order -- to conclude that the '713 Patent Family are highly valuable and

22   foundational "Proud Patents."

23

24

25

26   [1] ACPI is a power management standard developed by a consortium of companies, led by Microsoft and Intel Corporation.  The standard was first released in December 1996 and became the industry-wide power management standard almost immediately.  Generally, every major computer

27   manufacturer endeavored to comply with the ACPI standard after its release, and through its various versions.  Acer began designing computers that complied with the ACPI standard after its release in

28   late 1996.

**COMPLAINT FOR DECLARATORY RELIEF**

*ACTIVE 54007546v3*

1    39.    In addition to challenging inventorship under federal patent law, Intellisoft intends to

2   put on evidence and attempt try numerous other patent law issues, including patentability, patent

3   validity, claim construction, and patent infringement.

4    40.    Only a federal district court can resolve Intellisoft's claims regarding patentability,

5   patent validity, claim construction, and patent infringement.

6   **After Acer's Removal and The Federal Circuit's Subsequent Remand Back to State Court, the**
7   **State Court Denied Acer Leave to File a Cross-Complaint Seeking, Suggesting the Proper**
    **Course is for Acer to Seek Declaratory Relief in Federal Court**

8    41.    Shortly after receiving Intellisoft's expert reports in the state court action, Acer

9   lodged a cross-complaint[2] against Intellisoft and Mr. Bierman in the state court action, seeking a

10  declaration that Mr. Bierman properly was not named as an inventor of any of the '713 Patent

11  Family and is not entitled to an inventorship correction under 35 U.S.C. § 256.  Acer alleged that

12  Intellisoft and Mr. Bierman were asserting an inventorship claim and sought declaratory relief that

13  Mr. Bierman properly was not named as an inventor of the '713 Patent Family.  Acer then removed

14  the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1454.  This Court denied

15  Intellisoft's subsequent motion to remand and agreed with Acer, holding that removal was proper

16  because Section 1454 requires only that a party "asserts" a patent claim and Acer satisfied that

17  requirement by asserting a patent inventorship claim in a cross-complaint against Intellisoft and Mr.

18  Bierman that was lodged with the state court and served on Intellisoft and Mr. Bierman.  This Court

19  subsequently granted summary judgment to Acer on all counts on the ground that Intellisoft failed to

20  prove that Mr. Bierman was the inventor of the '713 Patent Family.  This Court also held that

21  Intellisoft's claims were time-barred.

22   42.    Intellisoft and Mr. Bierman then appealed this Court's judgment in favor of Acer to

23  the U.S. Court of Appeals for the Federal Circuit, which held that removal was improper, and

24  ordered that the case be remanded to California state court.  The Federal Circuit concluded that

25  removal under Section 1454 was improper because Acer's cross-claim was only "lodged" but had

26  not been formally filed.  According to the Federal Circuit, since Acer needed to seek leave to file its

27

28  ---
    [2] A cause of action asserted by way of a cross-complaint under California Civil Procedure Code
    § 428.10 is equivalent to a counterclaim under Federal Rule of Civil Procedure 13.

**COMPLAINT FOR DECLARATORY RELIEF**
*ACTIVE 54007546v3*

1  cross-claim, which it had not yet done at the time of removal, its cross-claim for declaratory relief

2  concerning inventorship of the '713 Patent Family was not asserted under Section 1454.  In its

3  decision, the Federal Circuit noted that even if, following remand, "the state court denied leave to

4  file the patent counterclaim [concerning inventorship], Acer would still not have been deprived of its

5  claim because it had an alternative way to present its patent claim on the merits in federal court: a

6  separate federal declaratory judgment action."

7       43.     Following remand to California state court, Acer moved for leave to file its cross-

8  complaint.  Acer forthrightly explained in its motion that if leave were granted, it would seek to

9  remove the case again to federal court under Section 1454. On November 30, 2020, the court denied

10  Acer's motion for leave, taking the view that "the Federal Circuit stated in [resolving the earlier

11  appeal] that a separate federal declaratory judgment action would be a more appropriate way for

12  Acer to pursue a patent counterclaim."  In its ruling, the court repeatedly stressed that a declaratory

13  judgment action in federal court would be the preferred vehicle for Acer to obtain the relief it seeks,

14  noting for example: "Even if Acer's proposed cross-complaint [seeking a declaration that Bierman

15  properly was not named as an inventor on the '713 Patent Family] were compulsory . . . no forfeiture

16  will result from denial of [Acer's] motion. . . .  As the Federal Circuit has noted, ***Acer can proceed***

17  ***through a separate federal declaratory judgment action***."

18       44.     Having exhausted its ability to seek relief through a cross-complaint in the existing

19  state court proceeding, and consistent with the procedural posture contemplated by both the Federal

20  Circuit and the state court that Acer "present its patent claim on the merits in federal court" through

21  "a separate federal declaratory judgment action," Acer now brings its present complaint for

22  declaratory relief.

23                                 **STATEMENT OF RELATED CASE**

24       45.     As alleged herein, the facts and circumstances of this case are related to *Intellisoft,*

25  *Ltd v. ACER America Corporation et al.*, Case No. 4:17-cv-06272-PJH, filed on October 30, 2017

26  ("Intellisoft Removed Action").

27

28

**COMPLAINT FOR DECLARATORY RELIEF**
*ACTIVE 54007546v3*

46.     This action concerns substantially the same parties, property, transaction and/or events of the Intellisoft Removed Action.

47.     As part of the Intellisoft Removed Action, this Court, and specifically Chief Judge Hamilton, ruled that Mr. Bierman was not an inventor of the '713 Patent Family as alleged in this Complaint.

48.     There will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges where Chief Judge Hamilton is already intimately familiar with the facts alleged herein.

49.     Consequently, Plaintiffs contend that this case should be related to the Intellisoft Removed Action and assigned to Chief Judge Hamilton.

**PLAINTIFFS' CAUSE OF ACTION FOR DECLARATORY RELIEF**
**Declaration Pursuant to 35 U.S.C. § 256 that Mr. Bierman Should Not be a Named Inventor on the '713 Patent Family**

50.     Acer restates the allegations in paragraphs 1 through 50 as if fully set forth herein.

51.     None of the patents in the '713 Patent Family list Mr. Bierman as an inventor.

52.     Intellisoft and Mr. Bierman contend that Mr. Bierman should have been named as an inventor on the '713 Patent Family under federal patent law.  Acer contends that Mr. Bierman is not an inventor, should not have been named as an inventor, and properly was not named as an inventor.

53.     Prior to the written report and testimony of Mr. Rappaport, Intellisoft had always positioned its claims as being made under state law, rather than explicitly advancing an inventorship dispute under the federal patent laws.

54.     Intellisoft and Mr. Bierman, through their expert Mr. Rappaport, have now clearly stated that Mr. Bierman should have been named as an inventor on the '713 Patent Family.  As clearly indicated in both Mr. Rappaport's written expert opinion and deposition, Intellisoft intends to have Mr. Rappaport testify regarding Mr. Bierman's legal inventorship claim under federal patent law at trial.

**COMPLAINT FOR DECLARATORY RELIEF**
*ACTIVE 54007546v3*

55.     By clearly challenging the inventorship of the '713 Patent Family, especially through Intellisoft' s expert Mr. Rappaport, Intellisoft and Mr. Bierman have created an actual controversy regarding the inventorship of the '713 Patent Family.

56.     Acer has adverse legal and pecuniary interests from Mr. Bierman and Intellisoft. Intellisoft and Mr. Bierman are claiming that Mr. Bierman should be a named inventor on the '713 Patent Family in an effort to collect damages against Acer.  Indeed, Intellisoft, through Mr. Rappaport, has now indicated that it intends to challenge inventorship in a trial against Acer in which it is seeking a substantial recovery.  Furthermore, any or all of the '713 Patent Family could be invalidated for defect in inventorship under 35 U.S.C. § 256.  There is thus sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the issue of inventorship.

57.     Declaratory relief is both appropriate and necessary to establish that inventorship was properly recorded under 35 U.S.C. § 256 for the '713 Patent Family.

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 256, Plaintiffs are entitled to a judgment declaring that Mr. Bierman properly was not named as an inventor on any of the '713 Patent Family.

59.     Because a jury trial in the state court case is currently set to begin August 16, 2021, Acer seeks prompt declaratory relief (i.e., prior to August 2021), to avoid the possibility of irreparable prejudice.

WHEREFORE, Acer pray for a judgment against Intellisoft and Mr. Bierman as follows:

1.     For declaratory relief finding that inventorship was properly recorded for the '713 Patent Family and that Mr. Bierman was properly not named an inventor on any of the '713 Patent Family, which Acer seeks in advance of August 2021 because a jury trial is set to begin in the state court case on August 16, 2021, where Intellisoft and Mr. Bierman intend to claim that he is the sole and exclusive inventor of the subject matter claimed in the '713 Family of Patents;

2.     A declaration that this is an exceptional case under 35 U.S.C. § 285;

3.     An award to Acer of its costs and attorneys' fees; and,

4.     For such other relief as the Court may judge just and proper.

13

**COMPLAINT FOR DECLARATORY RELIEF**

ACTIVE 54007546v3

1

2
                                                          Respectfully submitted,

3                                                         GREENBERG TRAURIG, LLP

4
  Dated:  December 4, 2020                          By:  */s/ Harold H. Davis*

5                                                         Harold H. Davis

6                                                         Harold H. Davis (SBN 235552)
                                                          Davish@gtlaw.com
7                                                         **GREENBERG TRAURIG, LLP**
                                                          4 Embarcadero Center, Suite 3000
8                                                         San Francisco, CA 94111
                                                          Telephone:     (415) 655-1300
9                                                         Facsimile:     (415) 707-2010

10
                                                          Jordan D. Grotzinger (SBN 190166)
11                                                        GrotzingerJ@gtlaw.com
                                                          **GREENBERG TRAURIG, LLP**
12                                                        1840 Century Park E., Suite 1900
                                                          Los Angeles, CA 90067
13                                                        Telephone:     (310) 586-7700
                                                          Facsimile:     (310) 586-7800
14

15                                                        Matthew G. Ball (SBN 208881)
                                                          Matthew.ball@klgates.com
16                                                        **K&L GATES, LLP**
                                                          4 Embarcadero Center, Suite 1200
17                                                        San Francisco, CA 94111
                                                          Telephone:     (415) 882-8200
18                                                        Facsimile:     (415) 882-8220

19
                                                          Attorneys for Plaintiffs
20                                                        ACER AMERICA CORPORATION and
                                                          ACER INC.
21

22

23

24

25

26

27

28
                                             14
                        **COMPLAINT FOR DECLARATORY RELIEF**
ACTIVE 54007546v3