UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACER AMERICAN CORPORATION, et al.,

Plaintiffs,

v.

INTELLISOFT LTD, et al.,

Defendants.

Case No. 20-cv-8608-PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court are defendants' motion to dismiss, plaintiffs' motion for summary judgment, and plaintiffs' motion to seal. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

This is a patent case for declaratory relief. It arises out of a trade secret case filed in state court.

The parties have previously been before the court in a substantively similar dispute. Specifically, case no. 17-6272 was previously before this court, and involved essentially the same issue that is currently before the court in this case – whether the dispute between the parties gives rise to federal court jurisdiction because it involves issues of patent law.

First, a recap of the previous case, and the alleged facts underlying it, is helpful here. In the early 1990s, Bruce Bierman, the founder of Intellisoft, met with representatives of Acer. Case no. 12-6272, Dkt. 1, Ex. 1, ¶ 30. Bierman had Acer sign a

non-disclosure agreement ("NDA"), and then Bierman shared confidential trade secrets regarding computer power management technology. Id., ¶¶ 31, 41.

After the meeting, Acer applied for a series of patents relating to computer power management technology. Case no. 12-6272, Dkt. 35 at 2. When Intellisoft became aware of Acer's patents, Intellisoft claimed that Acer misappropriated its NDA-protected trade secrets by filing for those patents covering the same technology. Id.

Intellisoft filed a trade secret misappropriation action against Acer in state court in March 2014. See case no. 12-6272, Dkt. 35 at 2. That state court case proceeded for over three years. As the parties were approaching trial, Acer filed a counterclaim against Intellisoft, seeking a declaratory judgment that Bierman properly was not named as an inventor on the relevant patents. Id. at 4. Acer then removed the state court case to this court, on the basis that its counterclaim gave rise to federal subject matter jurisdiction. Id. at 5.

After removal, Intellisoft filed a motion to remand the case back to state court. Case no. 12-6272, Dkt. 21. Intellisoft argued that there was no disputed federal issue because its state trade secret claim did not require determination of inventorship under federal patent law. Id. at 20. Intellisoft also argued that Acer's counterclaim was not a legally operative pleading, because it was filed without leave of court. Id.

This court denied Intellisoft's motion to remand, concluding that Intellisoft's theory of liability "necessarily raises at least two patent issues." Case no. 12-6272, Dkt. 35 at 8. The court ultimately entered summary judgment in favor of Acer. Case no. 12-6272, Dkt. 86.

Intellisoft then appealed to the Federal Circuit, arguing that removal to federal court was improper. The Federal Circuit reversed the denial of the remand motion, and the case was remanded to state court. See Intellisoft, Ltd. v. Acer America Corp., 955 F.3d 927 (Fed. Cir. 2020).

In its order, the Federal Circuit made three central points. First, it held that Intellisoft's trade secret misappropriation claim did not necessarily raise patent law

2

issues, because "Intellisoft did not need to prove inventorship under federal law to establish ownership." 955 F.3d at 932. "In other words, Intellisoft's burden was to satisfy the ownership standards for trade secrets under California law rather than to prove that Bierman is the inventor of the [] patent family, and ownership under state law did not require proof of patent inventorship." Id.

Second, the Federal Circuit concluded that "Intellisoft did not need to establish patent infringement to prove trade secret misappropriation." 955 F.3d at 932. Even though the allegedly-misappropriated trade secrets were ultimately incorporated into patents, which were then incorporated into industry standards, the patents were "only being used as evidence to support Intellisoft's state law claims," and the analysis "required no construction of the patent claims or proof that Acer's products 'infringed' the [] patent family." Id.

Third, the Federal Circuit made clear that "Intellisoft's damages case did not necessarily depend on the resolution of patent law issues." 955 F.3d at 932. Even though Intellisoft's claimed damages were calculated in the form of a royalty rate, it did not need to establish any infringement by Acer in order to prove its damages case, and thus, "the damages issue also did not necessarily depend on the resolution of patent law issues." Id. at 932-33.

After case no. 17-6272 was remanded back to state court, Acer filed this declaratory judgment action in this court. Acer essentially re-asserts the claim that it previously asserted as a counterclaim – a declaratory judgment claim seeking a finding that Bierman was properly not named as an inventor on the relevant patents.

Before the court now are three motions: (1) Intellisoft's motion to dismiss for lack of subject matter jurisdiction, (2) Acer's motion for summary judgment, and (3) Acer's motion to seal three exhibits filed in support of its summary judgment motion. Because Intellisoft's motion presents a threshold jurisdictional issue, the court will address it first.

**DISCUSSION**

A. Legal Standard

A federal court may dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Article III of the United States Constitution limits the jurisdiction of the federal courts to 'cases' and 'controversies,'" Bayer v. Neiman Marcus Group, Inc., 861 F.3d 853, 861 (9th Cir. 2017), and the Declaratory Judgment Act applies only in "a case of actual controversy," 28 U.S.C. § 2201.

To determine the existence of a cognizable controversy within the meaning of the Declaratory Judgment Act, courts must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). In the Ninth Circuit, "if the defendant's actions cause the plaintiff to have a 'real and reasonable apprehension that he will be subject to liability,' the plaintiff has presented a justiciable case or controversy." Spokane Indian Tribe v. United States, 972 F.2d 1090, 1092 (9th Cir. 1992).

Because "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears," the burden to prove its existence "rests on the party asserting federal subject matter jurisdiction." Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc., 2003 WL 22862662, at *3 (N.D. Cal. Nov. 26, 2003).

B. Analysis

Intellisoft's central argument is that there is no live controversy involving federal patent law, and thus no jurisdiction. Intellisoft cites the Federal Circuit opinion in case no. 17-6272 as holding that a dispute over the misappropriation of trade secrets does not automatically create an inventorship dispute for purposes of federal patent law.

Acer's primary argument, both now and in the previous case, is that the state court trade secret misappropriation claim created a "reasonable apprehension" that Intellisoft

was challenging Acer's inventorship under federal patent law. Acer argues that Intellisoft's suit "nominally claimed trade secret misappropriation," but was actually premised on the argument that Bierman conceived of the invention embodied in the relevant patent family. Dkt. 25 at 2.

However, the Federal Circuit has expressly held that Intellisoft's trade secret claim did not necessarily raise patent law issues, because "Intellisoft did not need to prove inventorship under federal law to establish ownership." 955 F.3d at 932. While Intellisoft did need to meet the ownership standards for trade secrets under California law, it did not need to meet the ownership requirements for patents under federal law. Thus, Intellisoft's state court lawsuit did not raise any issues of federal patent law.

Thus, in order to establish federal court jurisdiction, Acer must be able to point to something else – some other triggering event that created a "reasonable apprehension" that Intellisoft was going to challenge inventorship under federal patent law. In the court's view, there is no such event.

Acer cites two cases holding that "reputational injury" alone can support declaratory judgment jurisdiction, but neither case supports jurisdiction here. In one case, Larson v. Correct Craft, Inc., the Federal Circuit expressly stated that "we need not answer the question . . . whether a purely reputational interest is sufficient to confer standing," because "the issue is simply not presented by these facts." 569 F.3d 1319, 1328 (Fed. Cir. 2009). In the second case, Shukh v. Seagate Technology, LLC, the two parties were actively disputing inventorship for purposes of federal patent law. 803 F.3d 659, 662 (Fed. Cir. 2015) ("Dr. Shukh asserted thirteen claims against Seagate, including claims for correction of inventorship of the disputed patents.") (emphasis added).

Acer also argues that "Intellisoft's damages theory . . . crucially depends on the jury accepting the allegation" that Bierman conceived of the invention. Dkt. 25 at 10. But this is another argument that has been considered and rejected by the Federal Circuit, which concluded that "the damages issue also did not necessarily depend on the resolution of patent law issues." 955 F.3d at 932-33.

Acer places great emphasis on one line in the Federal Circuit opinion. The court was discussing the issue of whether Acer's declaratory judgment counterclaim was properly filed in state court, even though Acer did not obtain leave of court. The Federal Circuit concluded that the counterclaim was improperly filed, and thus not legally operative. The court then noted that, even if Acer had sought leave from the state court and been denied, "Acer would still not have been deprived of its claim because it had an alternative way to present its patent claim on the merits in federal court: a separate federal declaratory judgment claim." 955 F.3d at 935.

Acer appears to be treating this lawsuit as a mere acceptance of the Federal Circuit's invitation, but the court was simply saying that Acer had an alternate way to seek relief re inventorship <u>if a dispute were to arise</u>. In other words, the Federal Circuit was simply assuring parties that they would not lose their substantive right to seek relief in federal court – it was not holding that Acer already had federal court jurisdiction in this case. And as discussed above, for Acer to be able to proceed under the procedural path set forth by the Federal Circuit, it still needs to establish a basis for jurisdiction, and in the court's view, it has not done that.

That said, the court does not agree with all aspects of Intellisoft's motion. One of Intellisoft's key arguments is that any dispute is now moot as a result of its covenant(s) not to sue on the issue of inventorship under federal patent law. The court notes that the Federal Circuit opinion did not address the covenant(s) not to sue, nor did it address the issue of mootness.

Mootness implies that there was a federal controversy that existed, and then became extinguished. However, given that the Federal Circuit's opinion does not make any reference to mootness or Intellisoft's covenant(s) not to sue, it appears that the more accurate view is that there never was a federal-law dispute over inventorship in the first place. Intellisoft never sent Acer a demand letter claiming that Bierman was the correct inventor, it never went to the Patent Office to challenge Acer's inventorship – in short, it never created a "reasonable apprehension" that Acer would be sued for incorrect

inventorship under federal law. Thus, the federal controversy never "ripened" into a dispute with sufficient "immediacy and reality" to give rise to declaratory judgment jurisdiction.

Thus, for the reasons set forth above, the court GRANTS Intellisoft's motion to dismiss. While Acer is not granted leave to amend, the dismissal shall be without prejudice as to re-filing if Intellisoft takes action that creates a reasonable apprehension that it will seek to challenge Acer's claim to inventorship under federal patent law.

Because dismissal terminates this case, the court need not reach Acer's motion for summary judgment or the motion to seal. Accordingly, Acer's motion for summary judgment and motion to seal are both terminated as moot. Within 14 days of this order, Acer may withdraw from the docket the three exhibits for which it sought sealing.

**IT IS SO ORDERED.**

Dated: March 26, 2021

           /s/ *Phyllis J. Hamilton*
    PHYLLIS J. HAMILTON
    United States District Judge